IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHAVONNE SHELTON, INDIVIDUALLY AND AS NEXT FRIEND OF G.H., A MINOR, AND A.H., A MINOR, AND SHADONNA SHELTON, INDIVIDUALLY AND AS NEXT FRIEND OF K.O., A MINOR, S.D., A MINOR, AND A.D., A MINOR<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF THE ARMY<br><br>Defendant. | §§§§§§§§§§§§§§§§§<br><br><br><br><br><br><br>CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, SHAVONNE SHELTON, INDIVIDUALLY, AND AS NEXT FRIEND OF G.H., A MINOR, and A.H., A MINOR, AND SHADONNA SHELTON, INDIVIDUALLY AND AS NEXT FRIEND OF K.O., A MINOR, S.D., A MINOR, AND A.D., A MINOR, file this original complaint against THE UNITED STATES DEPARTMENT OF THE ARMY, and would respectfully show the Court as follows:

## I.
## NATURE OF THIS ACTION

1. This is an action for damages suffered by Plaintiffs as a result of a roadway collision involving three vehicles – the one occupied by Plaintiffs, a United States Army vehicle, and a third car. The negligent acts and omissions of the Army personnel operating the Army vehicle proximately caused

the three-way collision and Plaintiffs' damages – both personal injuries and property damages.

## II.
## THE PARTIES

2. Plaintiff, Shavonne Shelton, is a citizen and resident of Harris County, Texas.

3. Plaintiff, Shavonne Shelton As Next Friend of G.H., a minor, is a citizen and resident of Harris County, Texas.

4. Plaintiff, Shavonne Shelton As Next Friend of A.H., a minor, is a citizen and resident of Harris County, Texas.

5. Plaintiff, Shadonna Shelton, is a citizen and resident of Harris County, Texas.

6. Plaintiff, Shadonna Shelton As Next Friend of K.O., a minor, is a citizen and resident of Harris County, Texas.

7. Plaintiff, Shadonna Shelton As Next Friend of S.D., a minor, is a citizen and resident of Harris County, Texas.

8. Plaintiff, Shadonna Shelton As Next Friend of A.D., a minor, is a citizen and resident of Harris County, Texas.

9. Defendant, the United States Department of the Army, an agency of the United States of America, may be served with process pursuant to 32 C.F.R. § 516.14 by serving the Chief, U.S. Army Litigation Division, 9275 Gunston Road, Fort Belvoir, Virginia 22060-5546.

## III.
## JURISDICTION AND VENUE

10. This action is premised on the acts and omissions of the defendant the Department of the Army acting under the color of federal law, and therefore this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

11. Further, the events of this action are governed by the Federal Tort Claims Act, and thus this Court has jurisdiction pursuant to 28 U.S.C. § 2671, *et seq.* and 28 U.S.C. § 1346(b) as Plaintiffs are asserting claims for money damages as compensation for personal injuries and loss of property caused by the negligent or wrongful acts and omissions of an employee of the United Sates Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimants in accordance with the law of the State of Texas.

12. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the acts or omissions giving rise to the claims in this action occurred in this District.

## IV.
## CONDITIONS PRECEDENT

13. Plaintiffs timely presented their claims in writing to the Department of the Army on April 9, 2020. The Department of the Army failed to make a final disposition of the claim within six months after it was presented.

## V.
## FACTUAL ALLEGATIONS

14. On November 6, 2019, at approximately 2:45 p.m., three vehicles

were stopped for a red signal light in the dedicated left turn lane on Tidwell Road at the intersection with Irvington Boulevard in Houston, Texas.

15. The vehicles were westbound on Tidwell, preparing to turn southbound onto Irvington.

16. The first vehicle in line at the red light was a United Sates Army truck – a flatbed vehicle that was transporting a large, Humvee-like truck on its bed.

17. The 2012 Buick LaCrosse in which adult plaintiffs Shavonne Shelton and Shadonna Shelton and their minor children were occupants was the second vehicle in line behind the Army truck.

18. The third vehicle in line was a 2012 Nissan Maxima driven by Jose Nelson Rosales Carranza.

19. When the left turn signal turned green, all three vehicles made a left turn onto Irvington, proceeding southbound. Along that stretch of roadway, Irvington has two southbound lanes and two northbound lanes with a wide grassy median separating the two directions of traffic.

20. Approximately one block south of the intersection at Tidwell, there is an opening in the median on Irvington that allows vehicles from either direction to cross or turn.

21. As the Army truck – proceeding in the outside or right lane - approached this opening in the median, it began to slow. As it reached the opening, the Army vehicle initiated a wide left turn from the right lane.

22. While making the left turn, the Army truck crossed the left lane in

the path of the Maxima, which was proceeding in the inside lane, causing the Maxima to collide with it. This, in turn, caused Shavonne Shelton, driving the plaintiff's car in the right lane, to attempt to swerve to avoid a collision, but the Army truck blocked the roadway in front of her, and thus the plaintiffs' car collided with it as well.

## VI.
## CAUSES OF ACTION

### COUNT 1:   NEGLIGENCE

25. The aforesaid incident resulted from the negligence of the operator of the U.S. Army truck in one or more of the following particulars:

   a. In failing to yield the right of way;

   b. In failing to keep a proper lookout;

   c. In failing to maintain and/or control speed;

   d. In failing to turn the vehicle to the right or to the left to avoid the collision;

   e. In failing to control the vehicle and operate it in a prudent manner;

   f. In failing to apply the brakes in a timely manner; and

   g. In failing to drive within a single lane and moving from a lane when movement cannot be safely made.

Each and all of the foregoing acts, both of omission and commission, were negligent and constituted negligence, and were each and all a proximate cause of the collision made the basis of this lawsuit.

**COUNT 2: NEGLIGENCE PER SE**

26. By failing to drive within a single lane and attempting to move from the lane when the movement could not be made safely, the driver of the U.S. Army truck was negligent per se in violation of § 545.060(a) of the Texas Transportation Code, and such negligence per se was a proximate cause of the collision made the basis of this lawsuit.

**COUNT 3: NEGLIGENCE PER SE**

27. In addition, by failing to approach the intersection in the extreme left-hand lane prior to turning left, the driver of the U.S. Army truck was negligent per se in violation of § 545.101(b) of the Texas Transportation Code, and such negligence per se was a proximate cause of the collision made the basis of this lawsuit.

**VII.**
**DAMAGES**

28. As a result of the collision described above, Plaintiffs have suffered severe personal injuries causing Plaintiffs to sustain permanent bodily impairment. Plaintiffs have experienced physical pain and suffering and mental anguish and will, in all reasonable probability, continue to do so in the future by reason of the nature and severity of their injuries. Plaintiffs have been caused to incur medical charges and expenses in the past and will, in reasonable probability, continue to incur medical expenses in the future for treatment of their injuries.

29. Plaintiff specifically reserves the right to amend and plead for such other and different amounts of damages as their treatment and condition shall from time to time indicate before the trial of this cause of action.

## VIII.
## INTEREST

30. Plaintiffs further would show that Defendant has been in possession of monies due and owing to Plaintiffs since the date of the incident complained of herein, based on the injuries to Plaintiffs as a result of the negligence of Defendant, and therefore Plaintiffs are justly entitled to recover prejudgment interest on said monies as allowed by law until the date judgment is entered herein, and postjudgment interest as allowed by law on any judgment awarded by this Court and the Jury.

## IX.
## DEMAND FOR JURY TRIAL

31. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action of all issues so triable.

## X.
## PRAYER

32. FOR THE FOREGOING REASONS, Plaintiffs pray that Defendant be duly cited to appear and answer herein; and that upon a final trial of this cause, Plaintiff recover:

   (i) Judgment against Defendant for Plaintiff's damages as set forth above;

   (ii) Prejudgment interest at the rate prescribed by law until the date judgment is entered herein;

   (iii) Postjudgment interest as allowed by law on any judgment awarded

       by this Court and the Jury from the date judgment is entered until paid;

iv)    Court costs and other expenses of litigation;

(v)    All other relief to which Plaintiff is justly entitled.


       Respectfully submitted,

       **DESIMONE LAW OFFICE**


By: _/s/ Donald G. DeSimone_
       Donald G. DeSimone
       Federal Bar No. 11770
       Texas Bar No. 05776710
       4635 Southwest Freeway, Suite 850
       Houston, Texas 77098
       Office:   713-526-0900, ext. 2230
       FAX:    713-526-8041
       E-mail: ddesimone@desimonelawoffice.com

**ATTORNEY FOR PLAINTIFFS**